UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CANDICE D. CAMPBELL,

        Defendant.

_____/

Case:2:11-cr-20388
Judge: Rosen, Gerald E.
MJ: Michelson, Laurie J.
Filed: 06-20-2011 At 02:23 PM
INFO: USA V. CANDICE D. CAMPBELL (KB)

VIO.:  18 U.S.C. § 1344
Bank Fraud

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### GENERAL ALLEGATIONS

At all times pertinent to this Information:

1. Defendant CANDICE D. CAMPBELL owned and controlled CJ's FINANCIAL ("CJF"), a company in Canton, Michigan that purported to offer investment services.

2. CAMPBELL held herself out to be the Chief Financial Officer of CJF.

### COUNT ONE
*(18 U.S.C. § 1344 –Bank Fraud)*

3. The general allegations contained in paragraphs 1 and 2, above, are hereby realleged and incorporated by reference as if fully set forth herein.

4. Beginning in or around April 2009, and continuing through at least August 2010, in the Eastern District of Michigan, defendant CANDICE D. CAMPBELL knowingly and intentionally executed a scheme to defraud and obtain money in the control of a federally insured

financial institution by means of materially false and fraudulent pretenses, representations, and promises.

5. It was part of the scheme that CAMPBELL, and others acting at her direction:

    (A) created and operated a CJF website for the purpose of attracting investors;

    (B) solicited individuals to invest money with CJF by using a variety of means of communication including, but not limited to, e-mail, the CJF website and face-to-face meetings;

6. It was also part of the scheme that CAMPBELL, and others acting at her direction made the following false representations and promises, among others, to investors and prospective investors:

    (A) CJF was a successful firm that earned a profit through investments in the "penny" stock market;

    (B) CJF would make daily stock trades on each investor's behalf through a TD Ameritrade account;

    (C) CJF would pay a guaranteed rate of return of between 10 to 20 percent each month;

    (D) An investor's investment would never lose its initial value;

    (E) Investor money can be withdrawn at anytime;

    (F) CAMPBELL was a licensed financial planner and investment banker.

7. It was also part of the scheme that CAMPBELL, and others acting at her direction:

    (A) created and sent CJF monthly statements that falsely represented profits earned when in fact no investment had been made;

    (B) falsely represented that the Securities and Exchange Commission (SEC) had "frozen" CJF accounts when investors requested money withdrawals;

    (C) used the majority of investor money for CAMPBELL'S personal benefit including cash, sponsorship of her boyfriend's softball team, and purchases of jewelry, furniture, airline tickets, and vehicles;

    (D) used a portion of investor money to make payments to other investors each month that were falsely characterized as investment returns.

8. It was also part of the scheme that CAMPBELL, by means of these materially false and fraudulent pretenses, representations, and promises, caused individuals to withdraw money from federally insured financial institutions in order to invest with CJF.

This was all in violation of Title 18, United States Code, Section 1344.

FORFEITURE ALLEGATIONS
*(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;
18 U.S.C. § 982(a)(2) - Criminal Forfeiture)*

1. The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461, and 18 U.S.C. § 982(a)(2)(A).

2. As a result of the violation of 18 U.S.C. § 1344, as set forth in Count One of the Information, defendant CANDICE D. CAMPBELL shall forfeit to the United States any property which constitutes, or is derived from, proceeds obtained directly or indirectly, as a result of that violation, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461, and 18 U.S.C. § 982(a)(2)(A), including but not limited to the following:

    a. One 2006 Pontiac Grand Prix, VIN 2G2WP552361146794;

    b. Items Purchased from Swarovski Jewelers:

        (1) Two 2010 Annual Edition Tigers (purchased for $450.00 each);

        (2) Two Tiger Cub standing (purchased for $180.00 each);

        (3) One Lion (purchased for $810.00);

    c. Items Purchased from Tappers Jewelers:

        (1) Yurman black diamond cross (purchased for $2,510.00);

        (2) Yurman black diamond SS ring (purchased for $2,650.00);

        (3) Yurman black diamond bracelet (purchased for $3,800.00);

        (4) Negrin oval locket (purchased for $65.00);

        (5) Negrin crystal bracelet (purchased for $360.00);

        (6) Strongwater frog measuring tape (purchased for $395.00);

    d.    Items purchased from Best Buy:

        (1)    Samsung 46" 670 series television (purchased for $1,299.99);

        (2)    Two Apple 8gb 3rd generation IPODs (purchased for $199.00 each);

        (3)    HP Pavilion S5310Y/athalon II desktop computer with 4 gb hard drive (purchased for $509.99);

        (4)    HP 2009m 20" monitor (purchased for $159.99);

        (5)    HP Pavillion DV4-1275MX/Turion 64 ZM laptop (purchased for $ 726.84);

        (6)    Sony 32" KDL32L504 Bravia LCD television (purchased for $399.99);

    e.    Jewelry purchased from Helzberg Diamonds:

        (1)    14 ct white gold tennis bracelet with 216 brilliant round diamonds (purchased for $3,999.00);

        (2)    2 ct diamond band (purchased for $3,675.00);

        (3)    Men's GTS Vise solitaire ring (purchased for $4,999.00);

        (4)    1.5 ct engraved radiant star ring (purchased for $4,999.00);

        (5)    ECP watch 501 (purchased for $99.00);

        (6)    ECP watch 1001 (purchased for $129.00);

        (7)    Men's GTS black sapphire Movado watch (purchased for $1,695.00); and

        (8)    Ladies two-tone Movado Juro dial watch (purchased for $999.00).

3.    <u>Money Judgment</u>: A sum of money equal to at least One Million One Hundred Ninety Thousand Four Hundred Seventy Dollars ($1,190,470.00) in United States Currency, or such amount as is proved at trial in this matter, representing the total amount of proceeds obtained as a result of defendant's violations alleged in this Information.

4.  Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.  Cannot be located upon the exercise of due diligence;

    b.  Has been transferred or sold to, or deposited with, a third party;

    c.  Has been placed beyond the jurisdiction of the Court;

    d.  Has been substantially diminished in value; or

    e.  Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461, to seek to forfeit any other property of defendant's up to the value of the forfeitable property described above.

BARBARA L. MCQUADE
United States Attorney

s/ FRANCES LEE CARLSON
FRANCES LEE CARLSON
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9691
Frances.Carlson@usdoj.gov
P62624

s/ LINDA AOUATE
LINDA AOUATE
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9587
Linda.Aouate@usdoj.gov
P70693

Dated: June 20, 2011

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008 [ ]

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)¹: | Judge Assigned: |
| ☐ Yes  ☒ No | AUSA's Initials: _FL_ |

Case Title: USA v. CANDICE D. CAMPBELL

County where offense occurred : Wayne

Check One:  ☒ Felony    ☐ Misdemeanor    ☐ Petty

    ____Indictment/____Information --- no prior complaint.
    ____Indictment/_X__Information --- based upon prior complaint [Case number: 10-mj-30503]
    ____Indictment/____Information --                                  :tion below].

Case:2:11-cr-20388
Judge: Rosen, Gerald E.
MJ: Michelson, Laurie J.
Filed: 06-20-2011 At 02:23 PM
INFO: USA V. CANDICE D. CAMPBELL (K B)

**Superseding Case Information**

Superseding to Case No: _____
    ☐ Original case was terminated; no additional charges or defendants.
    ☐ Corrects errors; no additional charges or defendants.
    ☐ Involves, for plea purposes, different charges or adds counts.
    ☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

---

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

    June 20, 2011
        Date

FRANCES LEE CARLSON
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9696
Fax: (313) 226-2873
E-Mail address: Frances.Carlson@usdoj.gov
Attorney Bar #:P62624

---

¹ Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09